■ DOROTHEA K. MATTHEWS, Appellant, v. JOSEPH SCHUSHEIM et al., Defendants, and MARK MATTHEWS, Respondent.— In a consolidated action to recover (1) damages allegedly resulting from defendants' fraud and conspiracy to conceal from plaintiff the assets of defendant Mark Matthews, and (2) an alleged indebtedness, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, entered November 3, 1965 as approved certain rulings of the Referee supervising the pretrial examination of said defendant. Appeal dismissed, with $50 costs and disbursements. The order, insofar as appealed from, is nonappealable (*Hall* v. *Wood*, 5 A D 2d 998; *Lee* v. *Chemway Corp.*, 20 A D 2d 266; *Oppenheimer* v. *Duophoto Corp.*, 271 App. Div. 1005). We have, however, examined the merits and have concluded that we would affirm the order (insofar as appealed from) if the appeal were not being dismissed. In our opinion, this matter must proceed to trial and further delay in this respect can no longer be tolerated. (For previous appeals see *Matter of Matthews* v. *Matthews*, 11 A D 2d 813; *Matter of Matthews* v. *Matthews*, 14 A D 2d 546; *Matthews* v. *Schusheim*, 36 Misc 2d 918, revd. 18 A D 2d 719, rearg. den. 18 A D 2d 834, app. dsmd. 13 N Y 2d 756; *Matthews* v. *Schusheim*, 20 A D 2d 671; *Matthews* v. *Schusheim*, 23 A D 2d 632; *Matthews* v. *Schusheim*, 24 A D 2d 705.) Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ JOSEPH MAZZILLI, Appellant, v. YONKERS RACEWAY, INC., Defendant-Respondent and Third-Party Plaintiff-Respondent. HARRY M. STEVENS, INC., Third-Party Defendant.— In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County, dated January 7, 1965, which granted defendant's motion to amend its answer by (a) withdrawing its admission that it operated the elevator the door of which allegedly fell on plaintiff and substituting a denial of such operation, and (b) adding a defense that procurance of workmen's compensation benefits was plaintiff's exclusive remedy. Order affirmed, without costs (*Giliberti* v. *City of New York*, 23 A D 2d 666). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.